United States Bankruptcy Court
Northern District of Indiana

In re:

ERIC W MCCHESSNEY                               Case No.: 16-11467

ANGELA J MCCHESSNEY                             Chapter 13

Date filed: July 19, 2016

# Chapter 13 Plan

*Check all that apply:*

- ☒ **The plan seeks to limit the amount of a secured claim, which may result in a creditor's lien receiving a partial payment or no payment at all, as set out in Part 2, Section 7.**
- ☐ **The plan requests the avoidance of a judicial lien as set out in Part 2, Section 9.**
- ☐ **The plan requests the avoidance of a non-possessory, non-purchase-money security interest as set out in Part 2, Section 10.**
- ☒ **The plan sets out additional provisions in Part 10.**

**Notice to Interested Parties:  Your rights may be affected. Your claim may be reduced, modified, or eliminated.**

You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Plan treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the hearing on confirmation, **unless otherwise ordered by the Bankruptcy Court**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed..

| Part 1: Plan Payments and Length of Plan |
|---|

1. **Debtor(s) will pay to the trustee**       $ 2,500.00       per month for   60   months, and

   $ _____ per month for _____ months.

2. **Payments to the trustee will be made from future earnings in the following manner:**

   - ☒ Debtor(s) will agree to entry of a payroll deduction order.
   - ☐ Debtor(s) will make payments directly to the trustee.

3. **Additional payments to the trustee will be made as follows:**

   *Check all that apply*:

   - ☒ Debtor(s) will turn over to the trustee:
     - ☐ any tax refunds received during the plan term
     - ☒ any tax refunds in excess of   $ 500.00   received during the plan term
   - ☐ Other sources of funding, including the sale of property. Describe the source, amount, and date when available:

4. **The total amount of plan payments is**  $ 150,000.00.

5. **The term of the plan is**        60    months.

6. **Cure of default and maintenance of payments**

   The debtor(s) will cure the default and maintain the contractual installment payments on the secured claims listed below. The allowed claim for the arrearage amount, if any, will be paid under the plan, with interest if specified, at the rate stated.

| Name of creditor | Collateral | Current installment payment (including escrow payment) | Interest rate on arrearage (if applicable) | Estimated amount of arrearage | |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | Residence | Payment: $ 1,579.09<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | 0.00% | $0 | |
| | | Payment: $<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | | | |

7. **Determination of allowed secured claims and claim modification**

   The claims listed below are allowed secured claims only to the extent of the value of the creditor's interest in the collateral as provided under 11 U.S.C. § 506(a). Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral will be the amount of the allowed secured claim listed below, and it will be paid in full under the plan with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under Part 4 of this plan. If the amount of a creditor's allowed secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 of this plan. The holder of any allowed secured claim, other than a mortgage treated in Part 2, Section 6, will retain the lien until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of creditor | Amount of creditor's claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Interest rate | Amount of creditor's secured claim to be paid | Estimated monthly plan payment |
|---|---|---|---|---|---|---|---|
| **Nationwide Credit** | $21,543.90 | 2014 Chevrolet Cruze | $15,000 | None | 3.25% | Ceditor's Claim to be paid in full | $375.00 |
| | | | | | | | |
| | | | | | | | |

8. **Secured claims not subject to 11 U.S.C. § 506**

    The claims listed below were either:

    (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

    (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

    These claims will be paid in full under the plan with interest at the rate stated below.

    *Check if applicable*:

    ❑ Other secured claims not subject to 11 U.S.C. § 506 that are not listed below are provided for in Part 10 below.

    | Name of creditor | Collateral | Interest rate | Amount of claim to be paid | Estimated monthly plan payment |
    |---|---|---|---|---|
    |  |  |  |  |  |
    |  |  |  |  |  |

9. **Judicial lien avoidance**

    The judicial liens securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U. S. C. § 522(b). A judicial lien securing a claim listed below will be avoided to the extent that the lien impairs such exemptions upon entry of the order confirming the plan. The amount of the lien that is avoided will be treated as an unsecured claim in Part 4. The amount of the lien that is not avoided will be paid in full as a secured claim under the plan. See 11 U. S. C. § 522(f) and Bankruptcy Rule 4003(d).

    | Name of creditor | Collateral | Judgment date and date of lien recording | Lien recording information | Amount of lien not avoided and paid as secured claim | Interest rate (if applicable) | Estimated monthly plan payment (if applicable) |
    |---|---|---|---|---|---|---|
    |  |  |  |  | a. Amount of judicial lien $ <br> b. Amount of all other liens $ <br> c. Value of claimed exemptions + $ <br> d. Total: Lines a + b + c = line d $ <br> e. Value of debtor's interest in property $ <br> f. Subtract line e from line d $ <br><br> Extent of exemption impairment (*Check applicable box*): <br> ☒ **Line f is equal to or greater than line a.** The entire lien is avoided. <br> ❑ **Line f is less than line a.** A portion of the lien is avoided. <br><br> Amount of lien not avoided: <br> Subtract line f from line a $_____ |  |  |

| Name of creditor | Collateral | Amount of security interest not avoided and paid as secured claim | Interest rate (if applicable) | Monthly plan payment (if applicable) |
|---|---|---|---|---|
| | | a. Amount of judicial lien $<br>b. Amount of all other liens $<br>c. Value of claimed exemptions + $<br>d. Total: Lines a + b + c = line d $<br>e. Value of debtor's interest in property $<br>f. Subtract line e from line d $<br><br>Extent of exemption impairment (*Check applicable box*):<br>☒ **Line f is equal to or greater than line a**. The entire lien is avoided.<br>❑ **Line f is less than line a.** A portion of the lien is avoided.<br>Amount of lien not avoided:<br>   Subtract line f from line a       $_____ | | |
| | | a. Amount of judicial lien $<br>b. Amount of all other liens $<br>c. Value of claimed exemptions + $<br>d. Total: Lines a + b + c = line d $<br>e. Value of debtor's interest in property $<br>f. Subtract line e from line d $<br><br>Extent of exemption impairment (*Check applicable box*):<br>☒ **Line f is equal to or greater than line a**. The entire lien is avoided.<br>❑ **Line f is less than line a.** A portion of the lien is avoided.<br>Amount of lien not avoided:<br>   Subtract line f from line a       $_____ | | |
| | | a. Amount of judicial lien $_____<br>b. Amount of all other liens $_____<br>c. Value of claimed exemptions + $_____<br>d. Total: Lines a + b + c = line d $_____<br>e. Value of debtor's interest in property $_____<br><br>Extent of exemption impairment (*Check applicable box*):<br>❑ **Line d is more than line e.** The entire lien is avoided.<br>❑ **Line d is less than line e.** A portion of the lien is avoided.<br>Amount of lien not avoided and paid:      $_____ | | |

10. **Surrender of collateral**

    The debtor(s) elect to surrender to the creditors listed below the personal or real property that is collateral for the claim. The debtor(s) consent to termination of the stay with respect to the collateral upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

    | Name of creditor | Collateral |
    |---|---|
    |  |  |
    |  |  |

# Part 3: Treatment of Administrative and Other Priority Claims

11. **Trustee's fees**

    Fees of the standing trustee will be paid in full, without interest according to 28 U.S.C. §586.

    These fees are estimated to be   8%   of plan payments; and during plan term, they are estimated to total   $_____.

12. **Attorney's fees**

    Fees of the attorney, in the amount of   $3,910.00 (unpaid)   will be paid in full, without interest.

13. **Other priority claims**

    All allowed priority claims will be paid in full.

    | Name of creditor | Basis for priority treatment | Estimated amount to be paid |
    |---|---|---|
    |  |  |  |
    |  |  |  |

14. **Domestic support obligations paid less than full amount**

    The allowed priority claims listed below based on a domestic support obligation will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

    | Name of creditor | Amount to be paid |
    |---|---|
    |  |  |
    |  |  |

15. **Interest**

    Interest on allowed priority claims listed in line 15 will:

    *Check the applicable box*:

    ☒ Not be paid

    ☐ Be paid at an annual percentage rate of   _____ %   under 11 U.S.C. § 1325(a)(4), and is estimated to total   $ _____.

# Part 4: Treatment of Nonpriority Unsecured Claims

16. **Cure of default and maintenance of payments**

    The debtor(s) will cure the default and maintain the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan.

    | Name of creditor | Current installment payment | Amount of arrearage to be paid |
    |---|---|---|
    | Student loan creditors (AES, DOE) | Payment: $ <br> Disbursed by: <br> ☐ Trustee <br> ☒ Debtor(s) | **N**one |
    | | Payment: $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | |

17. **Separately classified nonpriority unsecured claims**

    The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

    | Name of creditor | Basis for separate classification | Treatment |
    |---|---|---|
    | | | |
    | | | |

18. **Nonpriority unsecured claims**

    Nonpriority unsecured allowed claims that are not separately classified will be paid not less than:  *Check the applicable box:*

    ☐   The sum of $_____ to be distributed on a pro rata basis to meet the requirements of 11 U.S.C. 1325 (a)(4) (best interests test).

    ☐   The sum of $_____ to be distributed on a pro rata basis to meet the requirements of the disposable income test.

    ☒   100% of allowed claims

    ☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan, to be distributed on a pro rata basis.

19. **Interest**

    Interest on allowed unsecured claims, including separately classified claims, will (check the applicable box):

    ☒   Not be paid

    ☐   Be paid at an annual percentage rate of    under 11 U.S.C. § 1325(a)(4), and is estimated to total    $_____.

## Part 5: Executory Contracts and Unexpired Leases

20. **All executory contracts and unexpired leases are rejected, except those listed below, which are assumed and will be treated as provided for below or under another specified provision of the plan.**

    | Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment | Estimated amount of arrearage to be paid |
    |---|---|---|---|---|
    | **US Bank Leasing** | 2014 Jeep Cherokee | Assume | Payment:  $307.77 <br> Disbursed by: <br> ☐ Trustee <br> ☒ Debtor(s) | **None** |

Payments
Disbursed by:

❑ Trustee
❑ Debtor(s)

## Part 6: Order of Distribution

21. **The trustee will pay allowed claims in the following order:**

    a. Administrative Claims, Post-Petition Mortgage Cure Payments and Monthly payments as provided for in Part 2, Sections 6, 7, 8, 9 and 10

    b. Attorney fees as listed in Part 3, Section 13 or as allowed by Order of the Court

    c. Unsecured monthly cure payments as listed in Part 4, Section 17.

    d. All allowed secured claims provided for in Part 2, Sections 6, 7, 8, 9 and 10 without a monthly payment, to be paid pro-rata

    e. Priority claims as provided for in Part 3, Sections 14, 15 and 16 to be paid pro rata

    f. Arrearage amounts listed in Part 4, Section 17 and specially classified unsecured claims to be paid in full pursuant to Section 18

    g. All other allowed unsecured claims provided for in Part 4.

## Part 7: Summary of Plan Disbursements

22. **From the payments received from the debtor(s), the trustee will make the following estimated disbursements on allowed claims:**

    a. **Current installment payments on secured claims** (*Part 2, Section 6 total*):    $ _____

    b. **Arrearage payments on secured claims** (*Part 2, Section 6 total*)    $ _____

    c. **Allowed secured claims** (*Part 2, Section 7 total*):    $ _____

    d. **Secured claims not subject to 11 U.S.C. § 506** (*Part 2, Section 8 total*):    $ _____

    e. **Judicial liens not avoided** (*Part 2, Section 9 total*):    $ _____

    f. **Security interests not avoided** (*Part 2, Section 10 total*):    $ _____

    g. **Administrative and other priority claims** (*Part 3 total*):    $3,910.00 plus trustee's fees

    h. **Current installment payments on unsecured debts** (*Part 4, Section 17 total*):    $ _____

    i. **Arrearage payments on unsecured debts** (*Part 4, Section 17 total*):    $ _____

    j. **Separately classified unsecured claims** (*Part 4, Section 18 total*):    $ _____

    k. **Nonpriority unsecured claims** (*Part 4, Section 19 total*):    $ _____

    l. **Interest on allowed unsecured claims** (*Part 4, Section 20 total*):    **+**    $ _____

    **Total of 23a.through 23l**..............................................................................    $

## Part 8: Miscellaneous Provisions

23.  a.  **Trustee will pay the mortgage arrearage claim amount as allowed and modify the ongoing monthly mortgage payment timely filed under Rule 3002.1(b) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.**

   b.  **Trustee will pay the allowed fees, costs or amounts properly and timely applied for consistent with Rule 3002.1(c) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.**

   c.  **Debtors will timely turn over copies of their state and federal tax returns each year to the Trustee and their attorney and will not incur debt without approval of the Court or the Trustee.**

   d.  **Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and deemed abandoned from the estate.**

   e.  **Upon entry of order lifting stay, no distributions shall be made to the creditor until such time their claim is amended to show a deficiency claim.**

   f.  **To receive distributions from the Trustee under the plan, all creditors- including secured creditors- must timely file a proof of claim with the Bankruptcy Court.  If a creditor applies payments in a manner not consistent with the terms of the plan, such actions may be a violation of 11 U.S.C. §524(i).**

   g.  **Secured creditors listed in Part 2, Section 7 will be paid the value listed in the Plan OR the value of the collateral listed in the proof of claim, whichever is less.**

## Part 9: Vesting of Property of the Estate

24.  **Property of the estate shall revest in the debtor(s) upon discharge or dismissal of the case.**

## Part 10: Additional Provisions

*Under Bankruptcy Rule 3015(c), additional provisions are required to be set forth below.*

> **The County Treasurer shall retain its lien upon the debtors' real property for property taxes due and unpaid.  These taxes are presently current and contractually paid.  Should the property taxes become in arrears, the Treasurer shall file a claim for the delinquent taxes and they shall be paid from Estate funds.  Debtors shall thereafter adjust their Plan payment to ensure proper funding.**
>
> **Debtors shall surrender to secured creditor Wells Fargo Home Mortgage the real property located at 208 Sycamore Street, LaGrange, Indiana, in full satisfaction of the debt secured by this property.  Upon Confirmation of this Plan the Stay shall terminate with respect to this property and creditor may reenter and liquidate the collateral.  No distribution shall be made to this creditor for this debt by the Estate and the debt shall be discharged in its entirety upon entry of Discharge in this case.**

## Part 11: Signatures

✘ _/s/ Jeffrey S. Arnold_____     Date: 7-19-2016
   Signature of Debtor's Attorney
   Jeffrey S. Arnold, #19743-02
   209 W. Van Buren Street
   Columbia City  IN  46725
   260-248-2169